**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| WALTER D. WICK, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | |
| v. | : | |
| | : | |
| MARK SCHOLS, | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

NOW COMES the Plaintiff, Walter D. Wick, by his attorneys, Devine, Millimet & Branch, Professional Association and Cozen O'Connor, and complains against the defendant, Mark Schols, as follows:

### NATURE OF CASE

1. This action arises out of the breach by the defendant of contractual obligations owed to the plaintiff, including without limitation the breach of an obligation to consent to the hiring of appraisers to value certain business interests that the defendant is obligated to sell to the plaintiff, and also including the obligation to pay for certain other business interests that the defendant had agreed to acquire from the plaintiff. The plaintiff seeks injunctive relief, declaratory relief and damages.

### PARTIES

2. The Plaintiff Walter D. Wick ("Wick") is an individual who resides at 4 E. 81st Street, Suite 1A, New York, NY 10028 and is a citizen of the State of New York.

3. The Defendant Mark Schols ("Schols") is an individual who resides at 6511 Bridleway Drive, College Grove, TN 37046 and is a citizen of the State of Tennessee.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, in that the action is between citizens of different states and the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claim occurred in this district and defendant Schols is subject to personal jurisdiction in this district.

## FACTUAL BACKGROUND

**A. Schols' Employment Agreement**

6. Schols is party to an Employment Agreement dated June 30, 2006. The Employment Agreement is between Schols, on the one hand, and Keller Street Motors, L.P., AutoFair 1477, L.P., AutoFair Used Vehicles, L.P., AutoFair, Inc., AutoFair Realty, L.P., and AutoFair Investors L.P., on the other hand.

7. A true and correct copy of the Employment Agreement is attached hereto as Exhibit A and incorporated herein by reference.

8. Keller Street Motors, L.P., is a Delaware limited partnership that owns and operates an automobile dealership located at 200 Keller Street, Manchester, New Hampshire 03103.

9. AutoFair 1477, L.P. is a Delaware limited partnership that owns and operates an automobile dealership located at 1477 South Willow Street, Manchester, New Hampshire 03103.

10. AutoFair Used Vehicles L.P. is a Delaware limited partnership that owns and operates a collision center located at 150 John Devine Drive, Manchester, New Hampshire 03103.

11. AutoFair Ford, Inc. is a Delaware corporation that owns and operates an automobile dealership located at 1475 South Willow Street, Manchester, New Hampshire 03103.

12. Keller Street Motors L.P., AutoFair 1477 L.P., AutoFair Used Vehicles L.P., and AutoFair Ford, Inc. collectively are referred to as the "Dealerships."

13. AutoFair Realty L.P. ("Realty") is a Delaware limited partnership that owns the real property on which the Dealerships are located.

14. AutoFair Investors L.P. is a Delaware limited partnership that either directly or indirectly owns substantially all of the equity interests in the Dealerships, Realty, and their affiliates.

15. Pursuant to the Employment Agreement, Schols was employed as President of the Dealerships and Realty.

16. Schols began his employment as President of the Dealerships and Realty on or about June 30, 2006.

17. In his position as President of the Dealerships and Realty, and pursuant to the Employment Agreement, an Assignment and Assumption Agreement dated June 30, 2006, and a subsequent agreement which is described more fully in paragraphs 39 through 45 of this Complaint, Schols was granted and/or permitted to acquire equity interests in AutoFair Investors, L.P. and two of its affiliates, AutoFair Warranty, LLC and AutoFair Automotive Management, Inc. (the "Equity Interests" or "Schols' Equity Interests").

18. The Employment Agreement provided that Schols was an employee at will and that his employment could be terminated "at any time and for any reason." [Employment Agreement, p. 5, section 5.]

19. On March 10, 2008, Schols was notified by letter, sent in accordance with the termination provisions of the Employment Agreement, that his employment as President of the Dealerships and Realty was terminated "effective immediately." The termination of Schols' employment was not for cause.

20. A true and correct copy of the termination letter sent to Schols is attached hereto as Exhibit B and incorporated herein by reference.

21. The Employment Agreement specified that in the event Schols' employment was terminated "for any reason other than for cause," then he could be required to sell his Equity Interests to Mr. Wick, the majority owner of Autofair Investors, L.P., pursuant to the following provision:

> 8. Call Right; Put Right.
>
> (a) If the Employee's employment with the Companies terminates for any reason, Walter D. Wick (or his designee) shall

4

>have the right, exercisable by written notice to the Employee within sixty (60) days from the date of termination to purchase all (but not less than all) of the Employee's equity interests in each of the Companies and their affiliates (individually, an "Interest" and collectively, "Interests") as follows:
>
>    (i)    If the Employee's employment terminates for any reason other than for Cause, the purchase price for the Employee Interests in a Company or affiliate shall be equal to the product of (A) the Net Worth of such Company or affiliate as of the end of the month immediately proceeding the month in which the date of termination occurs, multiplied by (B) the percentage of the total outstanding equity interests in such Company or affiliate represented by the Employee's Interests in such Company or affiliate.

[Employment Agreement, p. 7, section 8(a).]

    22.    The Employment Agreement further specified the procedure for purchase of Schols' Equity Interests and for determining the "Net Worth" of those Equity Interests, as follows:

>    (c)    Settlement for any sale in accordance with the foregoing provisions shall be made within one hundred twenty (120) days after the date of notice given to the Employee under this paragraph 8 and, except as otherwise agreed in writing by Wick (or his designee) and the Employee, the purchase price shall be paid in one lump sum within one (1) year after the date of settlement, without interest. For purposes of this Agreement, Net Worth as to any Company or affiliate shall mean the fair market value of such Company or affiliate determined by agreement between Wick (or his designee) and the Employee, or failing to reach such agreement within fifteen (15) days of the date of the notice, shall mean the fair market value of such Company or affiliate as a going concern (and without the application of any liquidity discount or minority interest discount) as determined by a qualified independent appraiser of automobile dealerships selected by Wick (or his designee) and reasonably agreeable to the Employee, and his determination shall be final, binding and conclusive, absent manifest error. The expense of obtaining any such appraisal shall be paid fifty (50%) percent by Wick (or his designee) and fifty (50%) by the Employee….

[Employment Agreement, p. 8, section 8(c).]

23. By letter dated March 27, 2008, Walter D. Wick notified Schols that he (Wick) was invoking his right under section 8(a) of the Employment Agreement to purchase all of Schols' Equity Interests.

24. A true and correct copy of Wick's March 27, 2008 letter to Schols is attached hereto as Exhibit C and incorporated herein by reference.

25. Since Wick gave his purchase notice to Schols on March 27, 2008, the deadline for settlement on the purchase and sale of Schols' Equity Interests is July 25, 2008 (120 days after notice of intent to purchase).

26. Wick and Schols were not able to reach an agreement on the fair market value of the entities in which Schols had the Equity Interests.

27. As was noted above, the Employment Agreement provides that if Wick and Schols fail to reach agreement on fair market value, then "Net Worth as to any Company or affiliate . . . shall mean the fair market value of such Company or affiliate as a going concern . . . <u>as determined by a qualified independent appraiser of automobile dealerships selected by Wick . . . and reasonably agreeable to the Employee [Schols]</u>, and his determination shall be final, binding and conclusive, absent manifest error." [Employment Agreement, p. 8, section 8(c)(emphasis added)].

**B.  Schols' Unreasonable Delay in Consenting To Crowe Chizek and Improper Attempt to Impose Conditions on Retention of That Firm**

28. In accordance with the Employment Agreement, Wick selected the firm of Crowe Chizek & Company, LLC ("Crowe Chizek") to appraise the Dealerships.

29. Crowe Chizek is the one of the largest accounting firms in the United States, and it has a practice dedicated to franchise automobile dealerships. It has substantial experience rendering appraisals and valuations for a multitude of publicly-held and privately-held dealerships.

30. By letter dated April 11, 2008, counsel for Wick advised counsel for Schols that Wick had selected Crowe Chizek as the appraiser for the Dealerships. Counsel for Wick also requested confirmation that Crowe Chizek was "reasonably agreeable" to Schols.

31. In response, Schols, through counsel, agreed that Crowe Chizek is an excellent firm with an excellent reputation. However, Schols declined to confirm that Crowe Chizek was "reasonably agreeable" to him without being provided the names of the specific individuals at Crowe Chizek who would be in charge of the appraisal engagement.

32. Wick did not select the particular individuals at Crowe Chizek who would be responsible for the appraisal; rather Wick selected the firm of Crowe Chizek with the understanding that Crowe Chizek itself would determine which of its employees will work on the appraisal. Moreover, the appraisal report will be issued under the name of Crowe Chizek, not under the name of any individual at Crowe Chizek. For these reasons, Schols had no basis under the Employment Agreement for withholding his "reasonabl[e] agree[ment]" until he was advised of the specific individuals whom Crowe Chizek would assign to the appraisal.

33. Notwithstanding that Schols had no basis for withholding his "reasonabl[e] agree[ment]" to Crowe Chizek, Wick, in an effort to move the process forward, obtained from Crowe Chizek the names and resumes of the individuals whom Crowe Chizek had

selected to supervise the appraisal process.  On May 2, 2008, Wick's counsel provided those names and resumes to counsel for Schols.

34.    On May 7, 2008, nearly one month after being advised of Wick's selection of Crowe Chizek, Schols finally stated that he approved of Crowe Chizek.  However, Schols' approval was not unequivocal; rather, Schols claims that he has the right to impose conditions on such retention even though no such right is granted to him by the Employment Agreement or otherwise.

**C.  Schols' Unreasonable Refusal To Consent To Cushman and Wakefield and Improper Attempt to Impose Conditions on Retention of That Firm**

35.    In addition to selecting Crowe Chizek to appraise the businesses owned by the Dealerships, Wick selected Cushman and Wakefield to appraise the real estate owned by Realty.

36.    Cushman and Wakefield is a nationally recognized commercial real estate brokerage firm with substantial experience in appraising real property.

37.    On April 25, 2008, Wick's counsel advised Schols' counsel that Wick selected Cushman and Wakefield to appraise the real estate.  Wick's counsel further requested confirmation that Cushman and Wakefield is "reasonably agreeable" to Schols.

38.    To date, Schols has not articulated any basis for withholding his "reasonabl[e] agree[ment]" to the selection of Cushman and Wakefield.  Nevertheless, he has refused to consent unequivocally to the retention of Cushman and Wakefield and has instead insisted that he be allowed to impose conditions upon the retention of that firm, even though no such right is granted to him by the Employment Agreement or otherwise.

8

**D.     The Limited Partner Interest Purchase Agreement**

39.     Wick and Schols (among others) entered into a Limited Partner Interest Agreement as of June 27, 2007 (the "Purchase Agreement").

40.     A true and correct copy of the Purchase Agreement is attached hereto as Exhibit D.

41.     Pursuant to the Purchase Agreement, Wick agreed to sell to Schols, and Schols agreed to purchase, a portion of Wick's equity interest in AutoFair Investors, L.P.

42.     The Purchase Agreement states that each buyer (including Schols) "hereby pays Seller [Wick] . . . the sum set forth on Exhibit A hereto."  [Purchase Agreement, p. 1, section 2.]

43.     Notwithstanding the payment term of the Purchase Agreement, Schols did not make the required payment to Wick.  Rather, he paid only a portion of the amount he was obligated to pay.

44.     Wick granted Schols an extension of time to January 1, 2008 to make the required payment.

45.     Despite demand, Schols has never paid Wick in full for the equity interests to be conveyed to Schols pursuant to the Purchase Agreement.

## COUNT I
**(Specific Performance – Employment Agreement)**

46.     Wick incorporates paragraphs 1 through 38 of this Complaint as if fully set forth here.

47. Wick is the intended third-party beneficiary of section 8 of the Employment Agreement.

48. As the intended third-party beneficiary, Wick is entitled to enforce the obligations imposed on Schols by section 8 of the Employment Agreement.

49. Wick complied with all terms of section 8 of the Employment Agreement with respect to the selection of qualified independent appraisers to appraise the Dealerships and real estate.

50. Schols has breached section 8 of the Employment Agreement by refusing to provide his unequivocal reasonable agreement to the appraisers selected by Wick and by attempting to impose conditions on the retention of those appraisers.

51. Wick is entitled to specific performance of Schols' contractual obligation to reasonably agree to the well-qualified and independent appraisers selected by Wick.

52. Under the Employment Agreement, the deadline for settlement on Wick's purchase of Schols' Equity Interests is July 25, 2008.

53. The process of appraising the Dealerships and the real estate will take time. Schols' failure to provide his unequivocal reasonable agreement to Crowe Chizek and Cushman and Wakefield, and Schols' attempt to impose conditions on the retention of those firms, are delaying the start of the appraisal process. Each day of delay increases the likelihood that the appraisal process will not be completed in time to make the July 25, 2008 deadline for settlement.

54. In addition, delaying settlement on the sale of Schols' Equity Interests may lead Schols to (a) claim that he continues to retain the Equity Interests and (b) assert the kinds of rights that the owner of a minority interest in an active and ongoing business typically might possess.

55. Wick has no adequate remedy at law.

WHEREFORE, Walter D. Wick requests that the Court:

(i) award judgment in his favor and against defendant Mark Schols;

(ii) enter a preliminary and permanent injunction mandating that defendant Mark Schols immediately confirm his unequivocal reasonable agreement to the selection of Crowe Chizek and Cushman and Wakefield as appraisers and cease his efforts to impose conditions on the retention of those firms;

(iii) award Wick the costs and expenses of this action, including attorneys' fees; and

(iv) award Wick such other and further relief as the Court deems just and proper.

## COUNT II
**(Breach of Contract – Employment Agreement)**

56. Wick incorporates paragraphs 1 through 38 of this Complaint as if fully set forth here.

57. Schols has refused to provide his unequivocal reasonable agreement to the appraisers selected by Wick and is attempting to impose conditions on the retention of those appraisers.

58. Schols has no legitimate basis for either refusing to provide his unequivocal reasonable agreement to the appraisers selected by Wick or attempting to impose conditions on the retention of those appraisers.

59. Schols has breached section 8(c) of the Employment Agreement by his conduct described in paragraphs 57 and 58 above.

60. As a result of his breach of contract, Wick has had to file this action and incur the expense associated with same.

WHEREFORE, Walter D. Wick requests that the Court:

(i) enter judgment in his favor and against defendant Mark Schols;

(ii) award him compensatory damages:

(iii) award him prejudgment interest and the costs of expenses of this action, including attorneys' fees; and

(iv) award him such other and further relief as the Court deems just and proper.

### COUNT III
**(Declaratory Judgment - Purchase Agreement)**

61. Wick incorporates paragraphs 39 through 45 of this Complaint as if fully set forth here.

62. Wick seeks declaratory relief pursuant to 28 U.S.C. §2201 with respect to the Purchase Agreement.

63. There is now an actual, justiciable controversy with respect to which Wick is entitled to a declaration of his rights against Schols, namely (a) whether Schols has breached

the Purchase Agreement by his failure to make payment in full as required by that Agreement and (b) whether the Purchase Agreement should be declared null and void and rescinded as to Schols and the parties restored to their *status quo ante*.

WHEREFORE, Walter D. Wick requests that a declaratory judgment be entered in his favor and against defendant Mark Schols and that the Court declare as follows:

(i) that Schols has breached the Purchase Agreement by his failure to make the payment required by that Agreement;

(ii) that the Purchase Agreement is null and void and rescinded as to Schols, and that the parties are returned to their status quo ante;

(iii) that Wick is entitled to recover the costs and expenses of this action, including attorneys' fees; and

(iv) that Wick is entitled to such other and further relief as the Court deems just and proper.

## COUNT IV
**(Breach of Contract - Purchase Agreement)**

64. Wick incorporates paragraphs 39 through 45 of this Complaint as if fully set forth here.

65. This Count is asserted as an alternative to Count III and only if the claim set forth in Count III is denied.

66. Schols breached the Purchase Agreement by not making the full payment required by that Agreement.

67. As a result of Schols' breach, Wick has sustained money damages.

13

WHEREFORE, plaintiff Walter D. Wick requests that the Court:

(i) enter judgment in his favor and against defendant Mark Schols;

(ii) award him compensatory damages;

(iii) award him prejudgment interest from January 1, 2008, along with the costs and expenses of this action, including attorneys' fees; and

(iv) award him such other and further relief as the Court deems just and proper.


Dated: May 7, 2008                                   Respectfully submitted,

                                                     WALTER D. WICK,

                                                     By his attorneys,

                                                     **DEVINE MILLMET & BRANCH, P.A.**

                                                     By:   /s/ Steven E. Grill
                                                           Steven E. Grill, Esquire
                                                           Bar No. 7896
                                                           111 Amherst Street
                                                           Manchester, NH 03101
                                                           (603) 695-8755
                                                           sgrill@devinemillimet.com

Of Counsel:
Robert V. Dell'Osa
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
(215) 665-2745
(215) 665-2013 (facsimile)

PHILADELPHIA\3655618\1 197170.000

14