```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

**DISTRICT JUDGE LAPLANTE'S STANDING**          ADM-1
**ORDER FOR RULE 26(f) PLANNING MEETING**       Order 08-2
**AND LOCAL RULE 16.1 PRETRIAL CONFERENCE**

**IT IS ORDERED:**

The court shall hold a Local Rule 16.1 Preliminary Pretrial Conference on a date established in a scheduling notice issued by the Clerk's Office. The conference will be held in **District Judge Joseph Laplante's chambers, Room 401, 55 Pleasant Street, Concord, NH** if all counsel are from New England. Otherwise, the conference will be held by telephone conference call to be initiated by the court. Counsel will provide the Deputy Clerk with telephone numbers to initiate the necessary calls.

In preparation for the conference, counsel are directed to confer on or before [21 days before Pretrial Conference] in accordance with Rule 26(f) of the Federal Rules of Civil Procedure. The court strongly encourages counsel to meet face to face, but should that prove impractical, counsel shall meet by telephone conference. Communicating by writing, including fax or email, will not be sufficient. Counsel are jointly responsible for arranging and attending the meeting.

**On or before [14 days following conference], counsel shall submit to the court:**

- **(a) a joint written report detailing their Rule 26(f) meeting, conforming to the format of the form available on the Court's website; and**

- **(b) a joint proposed Discovery Plan under Local Rule 26.1 that also includes at least those items listed in the form available on the Court's website.**

While somewhat similar, the Rule 26(f) meeting report and the discovery plan are different filings with different purposes: the Discovery plan primarily serves to keep the case on schedule toward trial by establishing event dates and deadlines; the 26(f) meeting report explains with more breadth and depth, the core issues in the case and the parties efforts to resolve the case. During the Rule 26(f) meeting, counsel shall discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, make or arrange for the disclosures required by Rule 26(a)(1), and develop their joint proposed scheduling/discovery plan.  <u>These are the **minimum** requirements for the meeting.</u>  Counsel are encouraged to have a comprehensive discussion and are required to approach the meeting cooperatively and in good faith.  The discussion of claims and defenses – – both at the Rule 26(f) meeting and the Local Rule

16.1 Preliminary Pretrial Conference – – shall be a substantive, meaningful discussion.  In addressing the settlement or early resolution of the case, counsel are reminded that the court strongly encourages (although it does not mandate) participation in an early alternative dispute resolution ADR effort.  Counsel are required to explore the feasibility of ADR not only between themselves, but with their clients as well.  The specific reason(s) for any decision not to participate in a form of early ADR shall be delineated in the Rule 26(f) report.  If the parties elect not to participate in an early ADR effort, the court may nonetheless require a settlement  conference shortly before trial.

**Rule 26(a)(1) disclosures**.  In addressing the Rule 21(a)(1) disclosures, counsel shall discuss the appropriate timing, form, scope or requirement of the initial disclosures, keeping in mind that Rule 26(a)(1) contemplates the disclosures being made by the date of Local Rule 16.1 Preliminary Pretrial Conference and including at least the four categories of information listed in the rule.  Rule 26 affords the parties flexibility in the scope, form and timing of disclosures under both Rule 26(a)(1) (initial disclosures) and Rule 26(a)(2) (expert witness disclosures), but

Case 1:08-cv-00180-JL   Document 11   Filed 06/30/08   Page 4 of 5

the parties' agreement on disclosures is subject to approval by the court.  In their discussion of disclosures, counsel shall address issues of relevance in detail with each party identifying what it needs and why.  The discussion shall include as well the sequence and timing of follow-up discovery, including whether the discovery should be conducted informally or formally, and whether it should be conducted in phases to prepare for the filing of particular motions or for settlement discussions.

**The Local Rule 16.1 Preliminary Pretrial Conference.** Actual parties may attend the Preliminary Pretrial in chambers, but only if both parties agree to attend.  Counsel are expected to be prepared to engage in an open, cooperative discussion in good faith.  Counsel are reminded of the obligations imposed by Fed. R. Civ. P. 11(b(3(4) and should be present to explain the factual basis underlying any claims or defenses they have pleaded.

**Scheduling/discovery plan**.  The deadlines in the scheduling/discovery plan shall be mutually agreeable, with a view to achieving resolution of the case with a minimum of expense and delay.  At the Rule 16.1 Preliminary Pretrial

-4-

Conference, the court will review the plan with counsel and set a firm trial date.  Consequently, all deadlines in the schedule, including the dispositive motion deadline, must be met within 14 months of filing of the complaint in order to afford adequate time for briefing and ruling prior to the final pretrial conference and trial dates.

**Counsel**.  **Each party shall be represented in the Rule 26(f) meeting and in preparation of the report and scheduling/discovery plan, as well as at the Local Rule 16.1 Preliminary Pretrial Conference, by counsel authorized to bind the party on all matters to be covered.**

Dated:   February 21, 2008              /s/ Joseph N. Laplante
                                        Joseph N. Laplante
                                        United States District Judge